**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)                                        *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SAMANTHA YAWORSKI** | : | **Civil Action No.** |
| **101 Summit Avenue** | : | |
| **Laurel Springs, NJ 08021** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **DOLLAR TREE, INC.** | : | |
| **611 E Evesham Road** | : | |
| **Runnemede, NJ 08078** | : | |
| | : | |
| **500 Volvo Parkway** | : | |
| **Chesapeake, VA 23320** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Samantha Yaworski (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Dollar Tree, Inc. (hereinafter "Defendant"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Dollar Tree, Inc. is a chain of discount variety stores with a

location at 611 E Evesham Road, Runnemede, NJ 08078 and with a corporate headquarters located at 500 Volo Parkway, Chesapeake, VA 23320.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII, PDA and PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability, gender and pregnancy discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number 530-2020-01229 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") dated August 17, 2020.  Plaintiff received the Notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On June 27, 2016, Defendant hired Plaintiff as an Assistant Manager.

21. Plaintiff was well qualified for her position and performed well.

22. In May 2017, Defendant promoted Plaintiff to Store Manager in May 2017.

23. Plaintiff was well qualified for her position and performed well.

24. In or around October 2016, Plaintiff began to suffer from severe pain in her back and down her leg.

25. Shortly afterwards, Plaintiff was diagnosed with the following disabilities: lumbar facet arthropathy, herniated discs in the lumbar spine, lumbar radiculopathy, myofascial pain and neuropathic pain.

26. The major life activities affected by the aforementioned disabilities, include, but are not limited to, sleeping, walking, pushing, pulling, lifting, sitting and standing.

27. In or around early 2017, Dr. AJ Rastogi placed Plaintiff on a 15 lbs. lifting restriction due to these serious health conditions.

28. Plaintiff gave Dr. Rastogi's note to her District Manager at the time, who in turn, gave the note requesting the aforementioned reasonable accommodation to Defendant's Human Resources Department.

29. However, Defendant did not provide Plaintiff with her requested reasonable accommodation, as she was frequently scheduled to work alone, which required her to lift over 15 lbs. to complete her job duties.

30. In or around the end of October 2018, Plaintiff discovered that she was pregnant.

31. In or around November 2018, Plaintiff informed Patrick Adams, District Manager, of her pregnancy in person.

32. On February 9, 2019, Dr. Rastogi wrote Plaintiff an additional note, placing her on a 15 lbs. lifting restriction due to the combination of her disabilities and pregnancy causing her severe back pain and spasms.

33. Plaintiff gave Dr. Rastogi's note requesting the aforementioned reasonable accommodation to Mr. Adams.

34. However, Plaintiff was frequently forced to violate her lifting restriction due to not having enough staff support.

35. Management was well aware of this, but did not assist Plaintiff.

36. On March 25, 2019, Debra Fenderson-Ivery, Certified Nurse Practitioner ("CNP"), wrote Plaintiff a note, placing her on a 10 lbs. lifting restriction due to the combination of her disabilities and pregnancy which continued to cause her severe back pain and spasms.

37. Plaintiff gave Ms. Fenderson-Ivery's note requesting the aforementioned reasonable accommodation to Mr. Adams.

38. However, again, Plaintiff was frequently forced to violate her lifting restriction due to not having enough staff support.

39. On April 12, 2019, Ms. Fenderson-Ivery removed Plaintiff from work and placed her on a medical leave of absence prior to her maternity leave due to Defendant's refusal to accommodate Plaintiff. Plaintiff was out of work from April 12, 2019 to September 2, 2019.

40. On June 3, 2019, Plaintiff gave birth.

41. On August 15, 2019, Plaintiff was cleared to return to work on September 2, 2019.

42. Plaintiff contacted Wendy Destik, Human Resources Representative, and informed her that she was cleared to return to work on September 2, 2019 and requested the reasonable accommodation of having a private area in order to pump milk for her newborn.

43. Ms. Destik responded that she would notify Cindy Marino, Human Resource Manager, and Mary Ann Fulner, Human Resource Director, of Plaintiff's return to work date and her reasonable accommodation request.

44. Ms. Destik further instructed Plaintiff to contact David Moore, District manager, regarding her return to work date and reasonable accommodation request.

45. Plaintiff followed Ms. Destik's instructions and sent Mr. Moore a text message of her return to work date and reasonable accommodation request.

46. However, Mr. Moore did not respond to Plaintiff's text message.

47. On August 26, 2019, Plaintiff sent Mr. Moore another text message.

48. The next day, on August 27, 2019, Mr. Moore responded and informed Plaintiff that everything should be set up for her when she returned to work.

49. On September 2, 2019, Plaintiff returned to work at Defendant.

50. However, Defendant did not provide a privacy tent to pump in to Plaintiff that it had informed her it would provide.

51. Instead, Plaintiff was instructed to pump in the office in the stock room, which was not private.

52. In addition, the stock room contained cockroach traps and metal mouse traps.

53. Plaintiff was forced to go home during her shift to pump, but she only had one (1) opportunity to do so.

54. Later that day, Plaintiff submitted her resignation letter effective immediately to Mr. Moore and Ms. Marino due to Defendant's repeated failures to accommodate her in violation of federal and state law.

55. Plaintiff was constructively discharged.

56. It is Plaintiff's position that Defendant discriminated against Plaintiff due to her disability and pregnancy, failed to engage in the interactive process, failed to provide a reasonable accommodation, and forced Plaintiff to terminate her employment in violation of the Americans with Disabilities Act ("ADA") Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act ("PDA").

### COUNT I – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Title I of the Americans with Disabilities Act ("ADA") prohibits discrimination against qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112, *et seq.*

59. Defendant is an "employer" within the meaning of the ADA because it is "engaged in an industry affecting commerce [and] has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ."

60. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12102. Gaul v. AT & T, Inc., 955 F. Supp. 346, 350 (D.N.J. 1997).

61. Plaintiff is able to perform the essential functions of the position with or without reasonable accommodations.

62. At all relevant times, Plaintiff has had physical impairment that substantially limits the types of activities "that are of central importance to daily life."

63. Defendant initially hired Plaintiff but refused to provide her with a reasonable accommodation.

64. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of her disability, a failure to employ because of her disability, a failure to accommodate, and a failure to engage in the interactive process in violation of the ADA.

65. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE THE PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. Plaintiff has a disability: lumbar facet arthropathy, herniated discs in the lumbar spine, lumbar radiculopathy, myofascial pain and neuropathic pain.

68. Plaintiff is a member of a protected class in that she is an individual with disabilities.

69. Plaintiff was qualified for the position at issue.

70. Plaintiff was able to perform the essential functions of the job with a reasonable accommodation.

71. Accommodations were available that would have been effective and would not have posed an undue hardship to Defendant.

72. Despite being qualified for the position, Defendant subjected him to adverse employment action(s), including, but not limited to, denying her request for a reasonable

accommodation, refusing to engage in the interactive process, and forcing her to terminate her employment.

73. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disability.

74. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – PREGNANCY DISCRIMINATION
## TITLE VII/PREGNANCY DISCRIMINATION ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff is a member of a protected class in that she is pregnant.

77. Plaintiff was qualified to perform the job for which she was hired.

78. Defendant did not provide Plaintiff with a reasonable accommodation.

79. Defendant forced Plaintiff to terminate her employment.

80. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

81. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

82. Defendant discriminated against Plaintiff on the basis of her pregnancy.

83. Defendant treated non-pregnant employees better than it treated Plaintiff.

84. Defendant has no legitimate non-discriminatory reason for its actions.

85. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – PREGNANCY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff is a member of a protected class in that she is pregnant.

88. Plaintiff was qualified to perform the job for which she was hired.

89. Defendant did not provide Plaintiff with a reasonable accommodation.

90. Defendant forced Plaintiff to terminate her employment.

91. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

92. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

93. Defendant discriminated against Plaintiff on the basis of her pregnancy.

94. Defendant treated non-pregnant employees better than it treated Plaintiff.

95. Defendant has no legitimate non-discriminatory reason for its actions.

96. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

97. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

98. Plaintiff engaged in activity protected by the ADA when she requested a reasonable accommodation.

99. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

100. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## TITLE VII/PREGNANCY DISCRIMINATION ACT

101. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

102. Plaintiff engaged in activity protected by Title VII/Pregnancy Discrimination Act when she requested a reasonable accommodation due to her pregnancy.

103. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

104. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

105. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

106. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation.

107. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

108. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Samantha Yaworski, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the PDA, and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation

from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: November 16, 2020          By:    */s/ David M. Koller*
                                         David M. Koller, Esquire (90119)
                                         2043 Locust Street, Suite 1B
                                         Philadelphia, PA 19103
                                         215-545-8917
                                         davidk@kollerlawfirm.com

                                         *Counsel for Plaintiff*